**Eghosasere Sam OGBEBO, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–5001–AG.

United States Court of Appeals, Second Circuit.

March 10, 2006.

202

Theodore N. Cox, Gabriel Seymour, Maunica Sthanki, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for the Southern District of Texas, James L. Turner, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED in part, GRANTED in part, the BIA's decision is VACATED in part, and the case is REMANDED in part for further proceedings consistent with this order.

Eghosasere Sam Ogbebo petitions for review of the January 30, 2004 BIA order affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA did not adopt the reasoning of the IJ's decision, and because the IJ denied Ogbebo's applications on a ground unrelated to that upon which the BIA relied, this Court reviews only the BIA's decision. *See, e.g., Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews questions of law and the application of law to fact *de novo. See Khouzam v. Ashcroft,* 361 F.3d 161, 164 (2d Cir.2004).

■ The BIA denied Ogbebo's asylum and withholding of removal claims because he failed to prove that he suffered past persecution by the rebels of the Revolutionary United Front ("RUF") on account of a ground protected under the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1231(b)(3). The BIA's determination is one of law. As the BIA noted, Ogbebo failed to allege any nexus between the rebels maltreatment of him and one of the grounds protected under the Act. As such, the BIA properly denied his asylum and withholding claims as a matter of law.

■ Ogbebo argues in his brief that his hearing was flawed because the record indicates that he did not fully understand the proceedings. At the beginning of his hearing, however, Ogbebo indicated that he was proficient in English and wished his hearing to be conducted in English. At no point during the hearing did Ogbebo indicate that he did not understand the questions being asked of him. Even if Ogbebo did not fully understand any questions, there is no indication that having an interpreter available would have helped Ogbebo provide additional testimony to support his claim that he was persecuted on account of any of the protected grounds.

■ The BIA denied Ogbebo's CAT claim because Ogbebo "does not claim that his fear is of anyone related to the government." The one-judge BIA conclusion that an applicant for CAT relief must fear

torture from someone "related to the government," however, is directly contrary to our holding in *Khouzam* in which we found that torture covered under the CAT includes acts against an applicant of which government officials know of or remain willfully blind and fail to prevent. *Khouzam*, 361 F.3d at 171 (expressly disapproving of *Matter of Y-L-, A-G-, & R-S-R-,* 23 I. & N. Dec. 270, 2002 WL 358818 (BIA 2002)). Because the BIA determined that Ogbebo's testimony and evidence did not prove eligibility for CAT relief by applying the wrong standard of law, the case is remanded for further consideration under the standard set forth in *Khouzam*.

For the foregoing reasons, the petition for review is DENIED in part, GRANTED in part, the BIA's order is VACATED, and the case is REMANDED.